UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY POYLE,          Civil Action No.: 17-14000
                                    Honorable Gershwin A. Drain
        Plaintiff,      Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 12, 13]**

Plaintiff Ashley Poyle appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied her application for supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court **RECOMMENDS** that:

- Poyle's motion [ECF No. 12] be **DENIED**;

- the Commissioner's motion [ECF No. 13] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

I.   BACKGROUND

A.   Poyle's Background and Disability Applications

Poyle was 23 years old on the date of her May 2014 application for SSI benefits and had no past relevant work experience. [ECF No. 8-2, Tr. 12]. She claimed disability due to back problems, learning disability, eczema, depression and asthma. [ECF No. 8-6, Tr. 238].

Poyle's May 2014 application was not her first request for disability benefits; she received SSI benefits as a child, but the state agency determined that she was no longer disabled in December 2009, after she turned 18. [ECF No. 8-3, Tr. 106]. Poyle then requested a hearing and, after that hearing, Administrative Law Judge (ALJ) Ethel Revels decided in October 2011 that Poyle had the severe impairments of learning disability, asthma and eczema, but was not disabled. [*Id.*, Tr. 106-16].

For the current application, ALJ Roy E. LaRoche Jr. began a hearing in February 2016, during which Poyle appeared without counsel because no one would take her case; she waived her right to counsel. [ECF No. 8-2, Tr. 33-36]. ALJ LaRoche stated that he would ensure that Poyle's due process rights were protected and "obtain any evidence that may be needed." [*Id.*, Tr. 36]. He then reviewed Poyle's medical records and asked her about her recent treatment. [*Id.*, Tr. 36-47]. ALJ LaRoche

2

determined that he did not have all of the relevant medical records, so he postponed the hearing in order to collect updated records and allow Poyle to continue to look for an attorney. [*Id.*, Tr. 47-52].

In September 2016, Poyle appeared for the continued hearing and was still unrepresented. [*Id.*, Tr. 57-102]. Poyle, her mother and a vocational expert (VE) testified. [*Id.*]. In a February 2017 decision, ALJ LaRoche found that Poyle was not disabled. [ECF No. 8-2, Tr. 9-18]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, Tr. 1-3]. Poyle timely filed for judicial review. [ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(A)..

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or

a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Poyle was not disabled.  At the first step, he found that Poyle had not engaged in substantial gainful activity since the application date, May 30, 2014.  [ECF No. 8-2, Tr. 12].  At the second step, he found that Poyle had the severe impairments of major depressive disorder and asthma.  [*Id.*].  Next, the ALJ

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 920(c).

4

concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 13-14].

Between the third and fourth steps, the ALJ found that Poyle had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b),[2] except:

> [S]he is limited to occasional exposure to extreme heat, cold, humidity, and atmospheric conditions which would be dusts, fumes, gases, and other respiratory irritants. She can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can frequently handle and finger with bilateral upper extremities. The work must not include using her hands in water or handling of caustic chemicals. The claimant requires a job that is learned by demonstration as opposed to reading a manual. She can never operate a motor vehicle. Work should be limited to simple, routine, and repetitive tasks, in a work environment free of fast-paced production requirements, involving only simple, work-related decisions, with few if any work place changes. She is limited to occasional contact with supervisors, incidental contact with coworkers, and no contact with the public.

[*Id.*, Tr. 14].

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." § 416.967(b).

5

At step four, the ALJ found that Poyle did not have past relevant work. [*Id.*, Tr. 17]. At the final step, after considering Poyle's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Poyle could perform, including positions as a hand packer, small products assembler and light fixture inspector, rendering a finding that she was not disabled. [*Id.*, Tr. 18].

## II. ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

6

Now represented by counsel, Poyle makes a single argument—that ALJ LaRoche erred by failing to obtain her school records. [ECF No. 12]. The Court finds this argument to be without merit and recommends that ALJ LaRoche's decision be affirmed.

**B.**

As a general rule, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). But the Sixth Circuit has ruled that an ALJ has a special, heightened duty to develop the record when the claimant is: (1) without counsel; (2) incapable of presenting an effective case; and (3) unfamiliar with hearing procedures. *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) (citing *Lashley v. Sec. of HHS*, 708 F.2d 1048 (6th Cir. 1983)). This heightened duty arises from the remedial nature of the Social Security Act, as well as the recognition that "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley*, 708 F.2d at 1051 (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).

To satisfy this heightened duty, the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. *Id.* at 1052. Whether an ALJ has satisfied his "special, heightened duty" to develop the record is determined on a case-by-case basis. *Ostrowski v. Soc. Sec. Comm'r,* 2017 WL 7049175, at *9 (E.D. Mich. Dec. 21, 2017), *adopted*, 2018 WL 534487 (E.D. Mich. Jan. 24, 2018) (citing *Osburn v. Apfel*, 1999 WL 503528, at *7 (6th Cir. July 9, 1999).

The Commissioner does not rebut Poyle's claim that ALJ LaRoche had a heightened duty in this case, and ALJ LaRoche expressly recognized that he was required to assure that Poyle's due process rights were protected and that the record was adequate. [ECF No. 8-2, Tr. 33-47]. The question, therefore, is whether he satisfied that duty.

"A failure to fully develop a factual record is often evidenced by superficial or perfunctory questioning, as well as a failure to obtain all available medical records and documentation." *Vaca v. Commr. of Soc.Sec.*, 2010 WL 821656, at *6 (W.D. Mich. Mar. 4, 2010)). For example, in *Lashley,* the court found that the ALJ failed to fulfill his duty to fully develop the record because "[t]he hearing was brief. It lasted a mere 25 minutes, and was fully transcribed in approximately 11 pages," and the

8

claimant "was only superficially questioned concerning his daily activities and his physical limitations." 708 F.2d at 1052.

In comparison to *Lashley*, ALJ LaRoche conducted two hearings, the first of which lasted almost half an hour, and the second of which lasted more than an hour. [ECF No. 8-2, Tr. 33-101]. He did not complete the first hearing because he recognized a need to obtain additional medical evidence. [*Id.*, Tr. 33-52]. And Poyle does not argue that ALJ LaRoche's questioning was superficial or perfunctory, or that he failed to obtain a complete medical record. She argues only that Poyle failed to obtain her school records.

Poyle points out that she testified during the September 2016 hearing that she completed the tenth grade, and that all of her classes were in special education. [ECF No. 8-2, Tr. 63]. She testified that she struggles to read, add and subtract. [*Id.*, Tr. 65]. Poyle notes that ALJ LaRoche mentioned that her school records were part of the Social Security Administration's record and said that he would look at them. [*Id.*, Tr. 66]. But, she argues, he did not refer to them in his decision or admit them into evidence. Poyle asserts that ALJ LaRoche's failure to obtain her school records renders it impossible to know if her special education and IQ testing would reveal that she meets or medically equals Listing 12.05C, or

9

whether she has a medically determinable learning disability. [ECF No. 12, PageID.796]. These arguments are unsustainable.

## C.

First, as a factual matter, although Poyle is right that ALJ LaRoche did not list her school records as part of the exhibits he considered, he did list ALJ Revels' unfavorable decision, and ALJ Revels' decision did include Poyle's school records as exhibits. [ECF No. 8-2, Tr. 20; ECF No. 8-3, Tr. 119]. ALJ Revels' decision also described what she found within Poyle's school records.

> While the claimant was in grade school, she was enrolled in special education for a specific learning disability in reading. Intelligence testing performed when the claimant was 10 years old revealed that the claimant has deficits in the area of basic reading and comprehension, but received a full scale IQ [of] 75; which placed her in the average to low average range of intelligence overall.

[ECF No. 8-3, Tr. 111].

Under prior law, "To satisfy Listing 12.05(C), a claimant must demonstrate: (1) valid verbal, performance, or full scale IQ of 60 through 70; (2) evidence of deficits in adaptive functioning initially manifested before age 22; and, (3) an additional and significant work-related limitation of function." *Ware v. Colvin*, No. 5:13–CV–00991, 2014 WL 584752, at *4 (N.D. Ohio Feb. 12, 2014). Applying this standard, ALJ Revels determined

that Poyle did not meet Listing 12.05C because she did not have a qualifying full scale IQ. [ECF No. 8-3, Tr. 110]. Thus, Poyle's argument that it is impossible to know whether her school records included material evidence, and specifically IQ testing that could show that she has an impairment that meets or equals Listing 12.05C, is unsustainable.

## D.

Poyle's claim is without merit also because "as of January 17, 2017, a new Listing 12.05 became effective that eliminated Listing 12.05C." *Cranford v. Berryhill*, No. 3:16-CV-366, 2017 WL 3613665, at *2 (S.D. Ohio Aug. 22, 2017). Because ALJ LaRoche's February 2017 decision was made after the effective date of the revised Listing 12.05 that eliminated paragraph C, the revised listing applied. Soc. Sec. Admin., *Revised Criteria for Evaluating Mental Disorders*, 81 Fed. Reg. 66138 n.1 (Sept. 26, 2016). Poyle's motion specifically cites only paragraph C of Listing 12.05. [ECF No. 12, PageID.796]. She waived any other listing claim. *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

Poyle also cannot satisfy the current version of Listing 12.05. Under the current version, a claimant alleging an intellectual disorder must show:

> A. Satisfied by 1, 2, and 3 (see 12.00H):

11

1. Significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and

2. Significant deficits in adaptive functioning currently manifested by your dependence upon others for personal needs (for example, toileting, eating, dressing, or bathing); and

3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

    OR

    B. Satisfied by 1, 2, and 3 (see 12.00H):

1. Significantly subaverage general intellectual functioning evidenced by a or b:

    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or

    b. A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

    a. Understand, remember, or apply information (see 12.00E1); or

    b. Interact with others (see 12.00E2); or

>    c. Concentrate, persist, or maintain pace (see 12.00E3); or
>
>    d. Adapt or manage oneself (see 12.00E4); and
>
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.05.

With respect to Listing 12.05A, the Commissioner correctly notes that the fact that Poyle received a full scale IQ score of 75 when she was in school refutes any claim that she had a "cognitive inability to function at a level required to participate in standardized testing of intellectual functioning." Listing 12.05A.1. In addition, ALJ LaRoche analyzed the adaptive functioning factors set forth in Listing 12.05B.2, although he did so when considering the paragraph B criteria for Listing 12.04. [ECF No. 8-2, Tr. 13]. Poyle has not challenged ALJ LaRoche's analysis of the adaptive functioning factors, so any such challenge is waived. *Dillery,* 398 F.3d at 569.

### E.

Poyle also suggests that examination of her school records is required to determine whether she has a learning disability. ALJ Revels determined that Poyle's severe impairments included a learning disability,

13

but ALJ LaRoche found that Poyle presented no evidence to support her claim of a medically determinable learning disability. [ECF No. 8-2, Tr. 12; ECF No. 8-3, Tr. 108]. Applying *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), the Commissioner stated that ALJ LaRoche was bound by ALJ Revels' finding that Poyle had a medically determinable learning disability absent new and material evidence to the contrary, but that the error was harmless. [ECF No. 13, PageID.816, n. 6]. However, after the Commissioner filed its brief, the Sixth Circuit clarified that the ordinary rules of *res judicata* apply to Social Security cases, so an ALJ is not bound by a determination made by a prior ALJ regarding an earlier time period. "*Res judicata* bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 933 (6th Cir. 2018) (internal citation and quotation marks omitted).

Since Poyle filed her application for SSI in May 30, 2014, that is her onset date. *Nicely v. Comm'r of Soc. Sec.*, No. 3:12-CV-00593, 2013 WL 1182223, at *4 (N.D. Ohio Mar. 21, 2013); SSR No. 83–20, 1983 WL 31249, *1. Poyle was 23 years old in May 2014, so her school records concerned a period well before her onset date. And while it is true that a determination that Poyle had a learning disability when she was in school

would have some relevance to her abilities in 2014, the extent of Poyle's learning disability as revealed by her school records was already litigated before ALJ Revels, who found her to be not disabled. [ECF No. 8-3, Tr. 108-16]. Poyle "should not have high expectations about success if the second filing mimics the first one." *Earley*, 893 F.3d at 933.

In short, Poyle's argument that ALJ LaRoche's decision may have been different had he reviewed her school records is not plausible, and his decision should be affirmed.

### III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Poyle's motion [ECF No. 12] be **DENIED**; that the Commissioner's motion [ECF No. 13] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

Dated: October 3, 2018

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this report and recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this report and recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

# **CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 3, 2018.

          s/Marlena Williams
          MARLENA WILLIAMS
          Case Manager